UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

Craig Michael McCarthy,

Debtor.

Case No. 11-31499
Chapter 7

Appearances:
Edward Y. Crossmore, Esq.
The Crossmore Law Office
115 West Green Street
Ithaca, New York 14850

Attorneys for Mary Lisa Strassheim

Matthew Van Houten, Esq.
Holmberg, Galbraith, Van Houten & Miller
200 E. Buffalo Street, Suite 502
P.O. Box 6599
Ithaca, New York 14851-6599

Attorneys for Craig Michael McCarthy

### Memorandum-Decision and Order

Before the court is the objection of creditor Mary Lisa Strassheim ("Creditor") which seeks to disallow or limit the homestead exemption claimed by Craig Michael McCarthy, the debtor in this case ("Debtor").[1] The Debtor opposes the relief sought. At a hearing on this matter held on November 3, 2011, this court announced its decision to overrule Creditor's objection. This memorandum-decision confirms the oral ruling and incorporates the court's findings of fact and conclusions of law.[2]

---

[1] Creditor recovered judgment in the amount of $73,430.90 against the Debtor within thirty days of the filing of the petition and within the recoverable preference period of 11 U.S.C. § 547(b). The chapter 7 trustee may seek to avoid Creditor's judgment lien depending upon the value of the property and whether there was equity to which the lien attached. This issue awaits the outcome of a separate pending motion asserted by the Debtor to avoid the lien as impairing the Debtor's exemption pursuant to 11 U.S.C. § 522(f) which shall be addressed independently and does not affect the outcome of the pending objection.

[2] See Federal Rule of Bankruptcy Procedure ("Fed.R.Bankr.P.") 9014, incorporating Fed.R.Bankr.P. 7052.

1

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a), which authorizes the reference from district court to the bankruptcy court of all bankruptcy cases.[3] This is a core proceeding which this court may hear and determine pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(B).

*Background Facts*

The underlying facts relevant to a determination of the pending objection are not disputed. The Debtor's "Amended Schedule C-Property Claimed As Exempt" claims a $75,000 exemption in real property located in Tompkins County at 7 North Street, Dryden, New York, pursuant to New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") 5206(a). The property is listed as the Debtor's residence address and is where the Debtor was living on the date his petition was filed. The property consists of a single 110 foot by 90 foot lot that is improved by: (1) a two-family residence that is currently rented out to unrelated third parties; and, (2) a smaller building behind the two-family residence in which the Debtor both resides and conducts business from home.

*Creditor's Arguments*

While acknowledging the Debtor's right to assert a homestead exemption, Creditor asserts that under New York law[4], Debtor is not entitled to claim the $75,000[5] value against the

---

[3] The reference of cases is implemented locally by Rule 76.1 of the Local Rules of Practice of the United States District Court for the Northern District of New York.

[4] A debtor filing in New York may now elect either the exemptions available under New York law and other generally applicable federal law or the federal exemptions provided in 11 U.S.C. § 522(d), as a result of recent amendments, effective January 21, 2011, to New York Debtor and Creditor Law. *See* New York Debtor and Creditor Law § 285 (McKinney 2011). The Debtor here has opted to claim the New York exemptions.

[5] Creditor's objection asserted that the Debtor "is not eligible to claim a homestead exemption of $125,000." *See* Doc. No. 22 ¶ 13. The Debtor's original Schedule C listed a homestead claim for $125,000, which Debtor's counsel subsequently amended to claim only $75,000, attributing the original amount to an anomaly in his office computer program.

2

area which the Debtor physically occupies as a residence. Creditor seeks to distinguish the facts of this case from those before the court in *In re Ford*.[6] In *In re Ford*, this court recognized a debtor's claim of exemption in two adjoining parcels on which, in addition to a residence, there was commercial activity, and where the debtor's residence located on one parcel was supported by necessary facilities on an adjacent parcel. *Id.* Creditor argues that Debtor here cannot lay claim as homestead to the entire lot "because of the substantial non-homestead uses that he makes of the property."[7]

### *New York's Homestead Exemption*

In pertinent part, New York's homestead provision exempts real property up to a set dollar amount from being applied to satisfy a money judgment as follows:

> Property of one of the following types, not exceeding... seventy-five thousand dollars... in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment... (1) a lot of land with a dwelling thereon...

N.Y. C.P.L.R. 5206(a) (McKinney 2011). The New York legislature provided for a homestead exemption as early as 1850.[8] The public policy underlying the exemption was articulated by the New York Court of Appeals seven years later:

> The statute is founded upon considerations of public policy, and has introduced a new rule in regard to the extent of property which shall be liable for a man's debts. The legislature were of opinion, looking to the advantages belonging to the family state in the preservation of morals, the education of children, and possibly even, in the encouragement of hope in unfortunate debtors, that this degree of exemption would promote the public welfare, and perhaps in the end benefit the creditor.

---

[6] 415 B.R. 51 (Bankr. N.D.N.Y. 2009), *aff'd. on appeal, Cmty. Bank, N.A., v. Ford,* Civil Case No. 5:09-cv-633 (GLS) (N.D.N.Y Dec. 4, 2009).

[7] *See* Doc. No. 22 ¶ 11.

[8] 11-5206 Jack B. Weinstein et al., New York Civil Practice: CPLR P 5206.02.

*Robinson v. Wiley*, 15 N.Y. 489, 494 (1857). At the time *Robinson* was decided, the statute exempted from sale upon execution "the lot and buildings thereon, to the value of $1,000, occupied as a residence, and owned by the debtor..." *Id.* at 493. One-hundred twenty years later, in 1977, when the exemption was then $2,000, the New York legislature "modernized the homestead exemption" by specifying three types of property interests that qualified for the exemption and by increasing the amount of the exemption to $10,000.[9] The exemption was increased two additional times—in 2005 to $50,000 and in 2010 to the current amount.[10]

The public policy underlying New York's homestead exemption was again noted by a New York appellate court in *Wyoming Cnty. Bank & Trust Co.*, 75 A.D.2d at 479: "This statute is designed to protect the homeowner against seizure of his dwelling to satisfy a money judgment; additionally it protects his dwelling in the event of bankruptcy." Our research, however, has uncovered no case in which a New York state court has addressed the specific issue now before the court—namely, whether the New York exemption is exclusively limited to the residential area occupied by the debtor on the lot of land or whether it extends to the whole of the lot on which the debtor's dwelling is located. Since bankruptcy courts within the state are frequently presented with issues regarding a debtor's claimed exemption, it is not surprising that bankruptcy courts in New York have wrestled with interpreting New York law on this very issue.

Since the issue involves one of statutory interpretation, the court is reminded that in our attempt to give effect to the intent of the New York legislature in interpreting the homestead provision, we are directed first and foremost to the language of the statute itself:

---

[9] *See Wyoming Cnty. Bank & Trust Co. v. Kiley*, 75 A.D. 2d 477, 479 (App. Div. 4th Dep't. 1980) (recounting the legislative history of N.Y. C.P.L.R. 5206).

[10] L.2005, c. 623. § 1, substituted "fifty thousand" for "ten thousand;" L. 2010, c. 568, effective January 21, 2011, provided for an exemption of $150,000 for ten enumerated "downstate" counties; an exemption of $125,000 for six specified upstate counties; and a $75,000 exemption for the remaining counties in the state which includes Tompkins County, where the Debtor's property is located.

4

> As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof... In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning.

*Ramroop v. Flexo-Craft Printing, Inc.*, 11 N.Y.3d 160, 166 (2008), citing *Majewski v. Broadalbin-Perth Cent. School Dist.*, 91 N.Y.2d 577, 583 (1998) [internal citations and quotation marks omitted].

With this in mind, the question of New York law before Bankruptcy Judge Holland in *In re Vizentinis*, 175 B.R. 824 (Bankr. E.D.N.Y. 1994), was whether a debtor who resided in one of four apartment units situated on a lot that debtor owned in Astoria, Queens could claim an exemption in the entire lot or was limited to apply the exemption solely to the unit which she occupied. In answering the question, Judge Holland focused on the plain wording of the statute:

> As we read the CPLR, the homestead exemption applies to all real property which consists of a lot of land with a dwelling thereon owned by a debtor and occupied by a debtor as a principal residence. There can be no question that the Property meets these requirements. The City's assertion and the allocation scheme devised by the *Hager* Court[11] reads into the language of CPLR § 5206 the word "exclusively" both before and after the word "occupied." We perceive neither need nor authority to so rewrite the statute. Based upon the language of CPLR § 5206, we believe that we must simply ask ourselves whether the real property in question, which is a lot of land with a dwelling thereon, is "occupied as a principal residence." The question answers itself in the affirmative. We see nothing in CPLR § 5206 which limits the homestead exemption to only that portion of the lot of land which is *entirely* occupied *exclusively* as a principal residence.

*Id.* at 826. This court adopted the reasoning of *In re Vinzentinis* in *In re Ford*, allowing the value of the debtor's claimed exemption to be applied to the entirety of the land on which the debtor's

---

[11] A reference to *In re Hager*, 74 B.R. 198, 201 (Bankr. N.D.N.Y. 1987), *aff'd*, 90 B.R. 584 (N.D.N.Y. 1988), in which the court apportioned 13% of the debtor's home to his chiropractic business and found that the exemption amount could only be applied to the remaining 87% occupied exclusively as a residence.

residence was located, notwithstanding the debtor's other uses of the property.[12] The following year, my colleague Judge Kaplan, in the Western District of New York, reached a similar conclusion in *In re Rupp,* 415 B.R. 72 (Bankr. W.D.N.Y. 2008), finding that a debtor who owned a two-family house could claim a homestead exemption in the entire home, despite the fact that she lived in only one part and rented out the other part.[13]

Based upon the facts before the court, we see no reason to depart from the court's own prior ruling in *In re Ford* and the holdings of the other federal cases from the Western and Eastern districts to limit the Debtor's allowable exemption under New York law. In addition to interpreting the plain language of the New York statute as written, the reasoning employed in these cases, in the view of this court, seems most consonant with the articulated public policy of keeping the family intact and the debtor in the home. This case involves an indivisible homestead, where the property cannot be further subdivided due to local zoning restrictions. Were the court to adopt the interpretation of the statute urged by the Creditor, the indivisible homestead would more likely be subject to a forced sale under similar circumstances, contrary to the public policy clearly articulated by the New York courts.

*Conclusion*

The Debtor owns the real property in question, consisting of a parcel of land with a dwelling thereon, which Debtor occupies as a principal residence. This court upholds the

---

[12] 415 B.R. 51 (Bankr. N.D.N.Y. 2009), *aff'd. on appeal, Cmty. Bank, N.A., v. Ford,* Civil Case No. 5:09-cv-633 (GLS) (N.D.N.Y Dec. 4, 2009).

[13] The homestead exemption under N.Y. C.P.L.R. § 5206 is not to be confused with the New York State School Property Tax Exemption ("STAR") under New York Real Property Tax Law § 425 (McKinney 2011). STAR provides partial exemptions from school property taxes for New York homeowners for owner-occupied, primary residences, which include houses, condos, cooperative apartments, manufactured homes and farm houses. N.Y. Real Prop. Tax Law § 425 (McKinney 2011). Although STAR is also available for mixed use properties, including apartment buildings, the STAR exemption only applies to the owner-occupied portion of such properties. *Id.*

Debtor's claim to a $75,000 exemption in the entire property and, accordingly, overrules the pending objection.

So Ordered.

Dated: November 18, 2011
Syracuse, New York

_____
Margaret Cangilos-Ruiz
United States Bankruptcy Judge